945 A.2d 162

**In re Nomination Petition of Tony PAYTON, Jr. for the Office of Representative in the General Assembly District Number 179.**

**Appeal of John A. Danford.**

**In re Nomination Petition of Tony Payton, Jr. for the Office of Representative in the General Assembly District Number 179.**

**Petition of Tony Payton, Jr.**

Supreme Court of Pennsylvania.

April 18, 2008.

James C. Crumlish, III, Esq., Elliott Greenleaf & Siedzikowski, P.C., Blue Bell, for John A. Danford.

David J. Montgomery, Esq., Clifford B. Levine, Esq., Shawn N. Gallagher, Esq., Thorp, Reed & Armstrong, L.L.P., Pittsburgh, for Tony J. Payton, Jr.

Louis Lawrence Boyle, Esq., PA Department of State–Office of General Counsel, for Bureau of Elections.

470

BEFORE: CASTILLE, C.J., and SAYLOR, EAKIN, BAER, TODD and MCCAFFERY, JJ.

### *ORDER*

PER CURIAM.

**AND NOW,** this 18th day of April, 2008, the order of the Commonwealth Court is hereby **AFFIRMED.** With regard to appellant's claim that the invalidity of specific signatures or pages of the nomination petition invalidates other signatures or the petition as a whole, we note, "The invalidity of any sheet of a nomination petition ... shall not affect the validity of such petition ... if a sufficient petition ... remains after eliminating such invalid sheet." 25 P.S. § 2936. Thus, a court cannot presumptively invalidate nomination signatures based on nothing more than the invalidity of other signatures obtained by the circulator. *See In re Referendum Petition to Amend the City of Pittsburgh Home Rule Charter,* 694 A.2d 1128, 1132–33 (Pa.Cmwlth.1997); *see also In re Nomination Petition of Flaherty,* 564 Pa. 671, 770 A.2d 327, 337–38 (2001) (refusing to invalidate signatures obtained by circulator, despite striking numerous invalid signatures by same circulator).

Candidate's Petition for Review is hereby **DENIED** as moot. Appellant's Application to be Excused from Filing Reproduced Record is hereby **DENIED** as moot.

Justice SAYLOR files a Concurring Statement which Justice TODD and Justice McCAFFERY join.

Justice SAYLOR, concurring.

The majority appears to interpret Section 976 of the Election Code, 25 P.S. § 2936, as establishing a broad-based principle foreclosing judicial inquiries into allegations of pervasive fraud in the submission of a nomination petition beyond a signature-by-signature review. Notably, however, Section 976 is addressed, in the first instance, to the duties of the Secretary of the Commonwealth and county boards of elections. In

my view, therefore, there is a substantial argument to be made that it does not foreclose a judicial inquiry, on an appropriate challenge lodged pursuant to other provisions of the Election Code, into the validity of the candidate's certification that he will not knowingly violate election law. *See* 25 P.S. § 2870. Indeed, our decisional law has accepted the notion that the inclusion of intentionally false information in a candidate's affidavit is grounds for invalidating a nomination petition. *See In re Driscoll,* 577 Pa. 501, 847 A.2d 44, 51 (2004). It seems to me that the collection by the candidate himself of a substantial number of fraudulent signatures, as has been alleged here, including those of deceased individuals, would be strong circumstantial evidence of willful non-compliance with election law and false certification.[1]

I appreciate the liberal rules of interpretation designed to facilitate ballot access and the incentive to allow election disputes to be decided at the ballot box. Further, I understand the concern with containing the growing proliferation of election challenges. I believe, however, that the Legislature's intent to curtail election fraud is also manifest in the Election Code, so that there are strong and important countervailing policies in tension in cases such as these. Thus, I would not utilize the vehicle of a brief *per curiam* Order to signal this Court's intention to undermine the viability of election challenges entailing allegations of pervasive fraud claimed to have been known to the candidate.

Here, I join the disposition only in light of the fact that a specific challenge to the candidate's affidavit and allegations of knowledge of fraud on his part were not raised in the initial

1. I also question the controlling effect of *In re Nomination Petition of Flaherty,* 564 Pa. 671, 770 A.2d 327, 337–38 (2001), cited by the majority, since the referenced portion of that decision does not directly address the particular issues advanced by Appellant or the operation of Section 976. The other decision highlighted by majority, *In re Referendum Petition to Amend the City of Pittsburgh Home Rule Charter,* 694 A.2d 1128, 1132–33 (Pa.Cmwlth.1997), also was not premised upon Section 976 and did not involve a claim of fraud on the part of the circulator.

objections, and in view of Judge Smith–Ribner's credibility determination concerning the candidate's testimony.[2]

Justice TODD and Justice McCAFFERY join this concurring statement.

---

**2.** Appellant highlights the limited nature of such finding, as it is not specifically addressed to the broader challenge concerning the candidate's knowledge and good faith which Appellant presently asserts. However, it appears that such limitation was in light of the more limited content of Appellant's challenge as originally presented to the Commonwealth Court.